O'CONNELL v. HAYHURST.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

EVIDENCE ⊂⇒368(1)—DOCUMENTARY EVIDENCE—DENIAL OF MOTION TO PRODUCE.

In an action for the price of lockers, rented by golf players and bought from plaintiff by defendant when defendant succeeded plaintiff's husband as lessee of a golf house, where defendant relied on the charge that plaintiff had collected rents in advance for the lockers, an amount which, if it existed, plaintiff conceded should be deducted from the price, a matter which an account book of plaintiff would have shown, denial of defendant's motion to produce the book, which plaintiff had in court, was improper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1540; Dec. Dig. ⊂⇒368(1).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Lucy J. O'Connell against Alfred J. Hayhurst. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

John F. Harrington, of New York City, for appellant.

Joseph I. Berry, of New York City, for respondent.

PHILBIN, J.    The action was brought to recover the purchase price of certain lockers or closets rented by golf players and bought from the plaintiff by the defendant.  They were located in a golf house to the lease of which defendant succeeded plaintiff's husband. The defense was a general denial and a counterclaim.  The pleadings were oral.  Upon the trial the defendant admitted that he agreed to pay $150 for the lockers, that the latter had passed into his possession, and that said sum had not been paid.  He based his counterclaim upon the failure of the plaintiff to deliver, at the time of the sale, a book in which was recorded the names of the hirers of the lockers and the terms of the hirings.  He also relied upon the charge that the plaintiff had collected rents in advance and covering a period subsequent to the transfer.

It appears from the plaintiff's own testimony that she intended to deliver the book to the defendant upon the turning over of the lockers to him.  She testified that she told defendant that she had mislaid the book in packing, and as soon as she found it she would give it to him.  Later she explained that she had not wanted to part with the book, because it had other memoranda in it.  It is clear that the book was most pertinent to defendant's claim that plaintiff had collected for hirings for a later period to be covered by his ownership. The plaintiff's counsel conceded on the trial that there should be deducted from the purchase price anything that was shown to have been paid by anybody concerning hirings for the following year, 1915. Proof was submitted by the defendant showing that charges for the hiring of lockers for the period after the transfer had been collected in at least one instance by the plaintiff before title passed.

The plaintiff had the locker book in court, and the defendant's attorney called upon the plaintiff to produce it.  The plaintiff refused to do so, as no notice to produce had been served.  The court was not addressed by either counsel, but the record recites: "Motion denied; exception taken."  It was obviously considered that a formal motion had been made and denied.  The defendant was entitled to the production of the book under the circumstances, and the denial of his motion was prejudicial error.  The great evidentiary value of the locker record to the defendant in support of his counterclaim is manifest.

Upon the close of the trial some misapprehension arose as to the nature of the defendant's counterclaim, which the court, apparently, believed was limited to the value of the locker book and certain keys. It was overlooked that by the concession made by plaintiff's counsel

on the trial, the defendant was entitled to a credit for any moneys collected by the plaintiff for hirings of lockers to run after she parted with the title. The defendant's counsel did not call the attention of the court to this phase of his case on the close of the trial; if he had, it would, no doubt, have been given due consideration. The denial of the motion to produce the book, to which reference has been made, however, requires that the judgment should be reversed.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.